IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>    **Plaintiff**<br><br>    v.<br><br>**JUAN GABRIEL AYALA-RIVERA (#6)**<br>    **Defendant** | **Criminal No. 04-054(SEC)** |

**MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

**A.    Factual and Procedural Background**

Upon being charged and convicted for a violation of Title 21 U.S.C. § 841(a)(1) and 846, releasee Juan Gabriel Ayala-Rivera (hereafter "Ayala"), on January 28, 2005, was sentenced to time served and a 4-year term of supervised release to be served concurrently with the sentence imposed on October 15, 2003, in the United States District Court of the Virgin Islands. A $100 special monetary assessment was also imposed. On June 23, 2005, upon being released, he began to serve his term of supervised release.

On August 19, 2005, the U.S. Probation Office filed "Motion Informing Supervised Release Violations and Request for an Arrest Warrant" (**Docket No. 260**), wherein it was alleged that releasee Ayala has violated his conditions of supervised release as follows:

1.    Standard Condition No. 2: He failed to submit July 2005, Monthly Supervision Report.

2.    Standard Condition No. 7: Releasee Ayala relapsed to the use of crack.

Criminal No. 04-054(SEC)                                                                                           Page No. 2

The Court ordered the issuance of a warrant of arrest and releasee Ayala was brought before the Court. A Show Cause Hearing was set held on August 22, 2005 before the undersigned (**Docket No. 266**).

B. **Show Cause Hearing**

On August 22, 2005, a hearing was held to afford releasee Ayala the opportunity to show cause as to why the term of supervised release originally imposed on January 28, 2005, should not be revoked (**Docket No. 266**).

At the hearing, releasee Ayala was advised of his constitutional right to remain silent, to present witnesses on his behalf and cross examine those to be presented by the government. While assisted by Assistant Federal Public Defender, Héctor Guzmán releasee Ayala waived these rights and admitted the violations as informed by the probation officer. Defendant is willing to be admitted at an in-patient drug rehabilitation program.

It is the opinion of the U.S. Probation Officer Jeffrey Semidey, that releasee will benefit from continuing under supervision if commanded by the Court to participate at an in-patient drug rehabilitation program. The government endorses the request of the U.S. Probation Officer.

C. **Conclusion**

In having failed to abide by the conditions of release by reverting to the use of illegal substances and not attending and participating in an in-patient drug rehabilitation treatment program, releasee Ayala has violated his conditions of supervised release. Pursuant to U.S.S.G. § 7B1.1(a)(3), the same constitutes a Grade C violation which the probation officer elected to report upon having determined that such violations constituted a pattern of conduct that clearly violated the conditions of release. *See* U.S.S.G. § 7B1.2(b).

Section 7B1.3(a)(2) establishes that "upon finding a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision." Were this Court to revoke the term of supervised release, §§ 7B1.3(b) and (c) do provide the criteria upon which sentence is to be imposed. In such revocation proceedings, the applicable range of imprisonment will be that set forth in § 7B1.4; provided that the applicable criminal history category (CHC) to be utilized in determining the applicable guideline range will be the CHC "under which defendant was originally sentenced to a term of supervision."

The records in possession of the U.S. Probation Office reflect that releasee Ayala, when originally sentenced, was placed within a CHC of "I." Considering a CHC of "I" and the fact that he has incurred in a Grade C violation, were this Court to revoke the term of supervision, releasee will be subjected to a guideline imprisonment range of three (3) to nine (9) months (§ 7B1.4(a)).

Based on the evidence presented, there is probable cause to revoke the supervised release term originally imposed on January 28, 2005 for technical violations; however, the U.S. Probation Office believes revocation is not warranted and that releasee Ayala will benefit from in-patient drug rehabilitation treatment.

Accordingly, though probable cause has been found, it is **RECOMMENDED** that releasee Ayala be allowed to continue under supervision while participating at an in-patient drug rehabilitation treatment program.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of its receipt. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation is a waiver of the right to review by the District Court. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park*

*Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).  The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge.  *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, this 6th day of September, 2005.

                                            S/**AIDA M. DELGADO-COLON**
                                            **U.S. Magistrate-Judge**