**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | **Criminal No. 04-54(SEC)** |
| | * | |
| JUAN GABRIEL AYALA-RIVERA | * | |
| | * | |
| Defendant | * | |

**********************************

**OPINION AND ORDER**

Before the Court is the U.S. Probation Office's Motion Informing Supervise Release
Violations and Request for an Arrest Warrant (Docket # 260). The Court ordered the
issuance of an arrest warrant (Docket # 261) and Defendant was brought before U.S.
Magistrate-Judge Aida Delgado-Colón for a Show Cause Hearing. A Show Cause Hearing
was held on August 22, 2005 and, on September 6, 2005, Magistrate Delgado-Colón issued
her Report and Recommendation (Docket # 270). Magistrate Delgado-Colón recommended
that Defendant be allowed to continue under supervision while participating at an in-patient
drug rehabilitation treatment. None of the parties have filed objections to the Magistrate's
Report and the time allotted for doing so has expired. Therefore, the Court will **APPROVE**
and **ADOPT** the Magistrate's Report and Recommendation and will modify Defendant's
conditions of release accordingly.

**Standard of Review**

The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. §
636(b)(1)(c). This section provides that "[a] judge of the [district] court shall make a de novo
determination of those portions of the report or specified findings or recommendations to
which [an] objection is made." Id. The Court can "accept, reject, or modify, in whole or in
part, the findings or recommendations made by the magistrate," however, if the affected party
fails to timely file objections,"'the district court can assume that they have agreed to the
magistrate's recommendation.'" Alamo-Rodríguez v. Pfizer Pharms., Inc., 286 F. Supp. 2d

**Criminal No. 04-54(SEC)**                                                                      2

144, 146 (D.P.R. 2003) (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1ˢᵗ Cir.

1985)). Thus, no review is required of those issues to which objections are not timely raised.

Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); Borden v. Sec'y

of Health & Human Servs., 836 F.2d 4, 6 (1ˢᵗ Cir. 1987). In fact, a party who fails to file any

objections to the Magistrate Judge's Report and Recommendation within ten days of its filing

waives his or her right to appeal from the district court's order. Henley Drilling Co. v.

McGee, 36 F.3d 143, 150-51 (1ˢᵗ Cir. 1994); United States v. Valencia-Copete, 792 F.2d 4,

5 (1ˢᵗ Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1ˢᵗ Cir. 1992) ("[f]ailure to raise

objections to the Report and Recommendation waives that party's right to review in the

district court and those claims not preserved by such objection are precluded on appeal").

### Analysis and Conclusion

Neither party has objected to the Magistrate Judge's Report and Recommendation,

thus we are not required by law to review it.  However, upon review, we find no fault with

Magistrate Judge Delgado-Colón's assessment and thus **APPROVE** and **ADOPT** her Report

and Recommendation as our own. Consequently, Defendant's conditions of release are

modified to allow Defendant to continue under supervision while participating at an in-

patient drug rehabilitation treatment program.

**SO ORDERED.**

In San Juan, Puerto Rico, this 4ᵗʰ day of October, 2005.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge